IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| L. JOE PITTS, as Administrator of the Estate of SANDRA ANN SPENCE PITTS, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>BRIDGESTONE AMERICAS HOLDINGS, INC.;<br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC,<br>and BFS RETAIL AND COMMERCIAL OPERATIONS, LLC,<br>doing business as Firestone Tire & Service Centers,<br><br>    Defendants. | CIVIL ACTION NO.: 2:06cv1008-ID-SRW |

## ANSWER OF DEFENDANTS

Defendants Bridgestone Americas Holdings, Inc., Bridgestone Firestone North American Tire, LLC, and BFS Retail & Commercial Operations, LLC (collectively referred to herein as "Defendants") answer plaintiff's complaint as follows:

1.    Defendants deny that they or any of them are liable to plaintiff under Alabama Code § 6-5-410 and further deny all material allegations in Paragraph 1.

2. Defendants are without sufficient information to admit or deny that this Court has subject matter jurisdiction under 28 USC § 1332(a) because the residence and citizenship of plaintiff's decedent are not alleged in the complaint.

3. Defendants are without sufficient information to admit or deny that venue is proper, but state that the place of the accident may not be determinative for purposes of proper venue.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Bridgestone Americas Holding, Inc. ("BAH") is a corporation incorporated in a state other than the State of Alabama, with its principal place of business in Tennessee; however, defendants deny that BAH is a proper defendant in this case. Defendants further deny all other allegations of paragraph 5 unless otherwise admitted.

6. Bridgestone Firestone North American Tire, LLC ("BFNT") is a limited liability company organized under the laws of Delaware with its principal place of business is in a state other than Alabama. Defendants, however, deny that BFNT is a proper defendant in this case. Defendants further deny all other allegations of paragraph 6 unless otherwise admitted.

7. BFS Retail & Commercial Operations, LLC, ("BFRC") is a limited liability company organized under the laws of Delaware with its principal place of business in a state on than Alabama. Defendants admit that BFRC operates a store called Firestone Tire & Service Center located at 321 Madison Avenue, Montgomery, Alabama, the correct name of

which is BFS Retail & Commercial Operations, LLC d/b/a Firestone Tire and Service Center. BAH is the sole member of BFRC. Defendants deny the remaining allegations of paragraph 7.

8. Defendants adopt and incorporate by reference their responses to the preceding paragraphs of plaintiff's complaint as if fully set out herein.

9. Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Denied.

11. (Improperly numbered as Paragraph 12 in plaintiff's Complaint.) Denied.

Defendants further deny that plaintiff is entitled to recover the judgment or damages demanded in the unnumbered paragraph of plaintiff's complaint (ad damnum clause), or any damages whatsoever.

Except for the allegations of the complaint that are specifically admitted hereinabove, defendants deny the allegations of plaintiff's complaint.

ADDITIONAL DEFENSES

Defendants assert the following additional defenses. Discovery and investigation of this case is in the early stages, and defendants reserve the right to amend this answer by adding, deleting or amending defenses as may be appropriate. In further answer to plaintiff's

complaint, and by way of additional defenses, defendants, separately and severally, aver as follows:

### First Defense

The claims asserted in the complaint, separately and severally, fail to state a claim against defendants upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the defense of product misuse.

### Third Defense

The injuries and damages claimed by plaintiff resulted from an intervening or superseding cause(s), and any act or omission by defendants or any of them was not the proximate cause of such alleged injuries.

### Fourth Defense

Plaintiff's claims are barred by the defense of contributory negligence.

### Fifth Defense

Plaintiff's claims are barred by the defense of assumption of the risk.

### Sixth Defense

The alleged injuries or damages of which plaintiff complains were caused by conduct, omissions, or events for which defendants are not responsible and cannot be held liable.

### Seventh Defense

Defendants deny that they or any of them are guilty of conduct for which punitive damages could or should be awarded, and denies that plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against any defendant.

**Eighth Defense**

Plaintiff cannot recover punitive damages against defendants because such an award, which is penal in nature, and would violate defendants' constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless defendants are afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**Ninth Defense**

Subjecting defendants to punitive damages, or affirming an award of punitive damages against defendants in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     any award of punitive damages against defendants under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

  (c) use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

  (d) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

  (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

  (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and defendants' alleged wrongful or culpable conduct;

  (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

  (h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

  (i) in the event that an award of punitive damages is entered in this case, such an award would be imposed regardless of the degree of culpability of defendants, and such an award could result in a verdict against one or more defendants whereby punitive damages could be assessed against defendants based in part upon culpability of another party, and such verdict

could be enforced against defendants regardless of defendant's culpability, or relative culpability;

(j) should the Court require the award of punitive damages against defendants or any of them, such an award would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k) an award of punitive damages should not be permitted to be assessed against defendants for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of defendants;

(l) an award of punitive damages should not be permitted to be assessed against defendants vicariously as a principal without any further proof of independent, wrongful conduct or ratification by defendants;

(m) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(n) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(o) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants;

(p) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

7

    (r)  the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

    (s)  an award of punitive damages would constitute an arbitrary and capricious taking of property of defendants without due process of law.

## Tenth Defense

Plaintiff is not entitled to punitive damages from defendants pursuant to the facts as alleged in plaintiff's complaint.

## Eleventh Defense

The claims of the plaintiff for punitive damages against defendants are barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

## Twelfth Defense

Imposition of punitive damages in this case against defendants would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## Thirteenth Defense

To award punitive damages against defendants in this case would have a chilling effect upon defendants' rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

## Fourteenth Defense

In the event that any portion of a punitive damages award against defendants in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiff, such an award would violate the Excessive Fines Clause of the Eighth

Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

### Fifteenth Defense

To award punitive damages against defendants in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

### Sixteenth Defense

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, defendants are denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

### Seventeenth Defense

Plaintiff's claims for punitive damages violate the rights of defendants to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)     The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for defendants;

(c) The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d) The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e) This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f) The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

**Eighteenth Defense**

Plaintiff's complaint seeks to make defendants liable for punitive damages. Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in <u>BMW of North America, Inc. v. Gore</u>, 116 S. Ct. 1589 (1996) and its progeny.

**Nineteenth Defense**

The demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

**Twentieth Defense**

The imposition of punitive damages sought by plaintiff violates defendants' rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a) Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b) Defendants had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject defendants to punitive damages or as to the potential amount of such an award.

(c) Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d) Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e) No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Pacific Mutual Life Insurance Company v. Haslip</u>,

499 U.S. 1 (1990), and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976) for the imposition of a punitive award.

   (f) Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

   (g) Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times defendants could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

### Twenty-First Defense

The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

### Twenty-Second Defense

Insofar as the punitive damage award sought by plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) defendants' rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

### Twenty-Third Defense

Defendants deny that venue is proper.

### Twenty-Fourth Defense

The wrongful death statute in Alabama, as applied by the courts of Alabama, is unconstitutional in that it authorizes the imposition of punitive damages in a negligence claim without requiring proof of culpability on the part of the defendant any greater than the negligence standard; hence, said statute, as applied, denies defendants due process of law under the Constitution of Alabama and the United States Constitution.

### Twenty-Fifth Defense

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the imposition of punitive damages without proof of any threshold requirement of culpability; whereas, in personal injury cases, under the law of Alabama, punitive damages cannot be awarded without proof by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff; therefore, the wrongful death statute in Alabama, as applied, denies defendants due process of law and equal protection of the law under the Constitution of Alabama and the United States Constitution.

### Twenty-Sixth Defense

Under the wrongful death statute of Alabama, as applied by the courts of Alabama, plaintiffs act as a representative of the Legislature in maintaining a wrongful death action; thus, a suit under the wrongful death statute of Alabama constitutes state action, and the imposition of punitive damages under the wrongful death statute of Alabama, as applied, which requires no proof of any threshold level of wrongful conduct and, as a result, constitutes the

imposition of excessive fines and denies defendants the protection of the prohibition against excessive fines guaranteed under the United States Constitution.

**Twenty-Seventh Defense**

WHEREFORE, defendants request that judgment be entered in favor of defendants and against plaintiff and that defendants be awarded the costs of this action and such other and further relief as may be appropriate.

Respectfully submitted,

s/ Brittin T. Coleman
Brittin T. Coleman (COL004)
Kenneth M. Perry (PER048)
Hope T. Cannon (STE147)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
bcoleman@bradleyarant.com
kperry@bradleyarant.com
hcannon@bradleyarant.com

CERTIFICATE OF SERVICE

    I hereby certify that on December 04, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lanny S. Vines, Esq.
Lanny Vines & Associates
2142 Highland Avenue South
Birmingham, AL 35205
lvines@lannyvines.com

Robert P. Bruner, Esq.
Lanny Vines & Associates
2142 Highland Avenue South
Birmingham, AL 35205
bbruner@lannyvines.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

                s/ Brittin T. Coleman
                Brittin T. Coleman (COL004)
                Kenneth M. Perry (PER048)
                Hope T. Cannon (STE147)
                Bradley Arant Rose & White LLP
                One Federal Place
                1819 Fifth Avenue North
                Birmingham, AL 35203-2104
                Telephone: (205) 521-8000
                Facsimile: (205) 521-8800
                bcoleman@bradleyarant.com
                kperry@bradleyarant.com
                hcannon@bradleyarant.com