IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**L. JOE PITTS**, As Administrator of )
the Estate of **SANDRA ANN** )
**SPENCER PITTS**, Deceased, )
                         )
           *PLAINTIFF*, )      CIVIL ACTION NUMBER:
                         )
*VS.* )      2:06cv1008-ID-SRW
                         )
**BRIDGESTONE AMERICAS** )
**HOLDINGS, INC.;** )
**BRIDGESTONE FIRESTONE** )
**NORTH AMERICAN TIRE, LLC;** )
and **BFS RETAIL AND** )
**COMMERCIAL OPERATIONS,** )
**LLC**, Doing Business As )
FIRESTONE TIRE & SERVICE )
CENTERS, jointly and severally, )
                         )
          *DEFENDANTS.* )
                            /

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF TESTIMONY AND MATERIALS CONCERNING OTHER NEGLIGENT TIRE PUNCTURE REPAIRS PERFORMED BY THE DEFENDANT BFS RETAIL & COMMERCIAL OPERATIONS, LLC

COMES NOW, Plaintiff Joe Pitts, by and through the undersigned

counsel of record, and moves this Honorable Court for an Order compelling

the Defendants Bridgestone Americas Holdings, Inc. (BAH) and BFS Retail

& Commercial Operations, LLC (BFRC) to respond to Plaintiff's Rule 34

Document Requests and Rule (30)(b)(6) Deposition Notice which request

testimony and materials evidencing other negligent tire puncture repairs performed by the Defendant BFRC during the years 2000 to 2005 and, as grounds therefore, states as follows:

1.  In February 2007, Plaintiff served Requests for Production on Defendants BAH and BFRC.

2.  In April 2007, Plaintiff served a Rule 30(b)(6) Deposition Notice on Defendant BFRC.

3.  Portions of Plaintiff's discovery requested documents and testimony evidencing any lawsuits and/or complaints made to or against the Defendants arising out of improper tire puncture repairs performed between 2000 and 2005.

4.  In their responses, Defendants objected to these discovery requests in their entirety and refused to produce responsive materials or testimony.  (See Bridgestone Americas Holdings, Inc.'s Response to Plaintiff's of Continuing Request for Production No. 10, No. 11, attached as **Exhibit 1**; BFS Retail & Commercial Operations, LLC's Response to Plaintiff's First Set of Continuing Request for Production No. 10, No. 11, attached as **Exhibit 2**; BFRC's Response to Plaintiff's Notice of Deposition Topic 4, attached as **Exhibit 3**).

2

5.  Pursuant to F.R.C.P. Rule 37 and Rule I(a) of the Guidelines to Civil Discovery Practice in the Middle District of Alabama, Plaintiff wrote Defendant on April 27, 2007 in an attempt to resolve these discovery disputes without the Court's involvement.  Defendants responded in a letter dated May 11, 2007, that it would not produce the requested materials. (Copies of these letters are attached to Plaintiff's Brief in Support of this Motion being filed contemporaneously herewith).

6.  Plaintiff is filing contemporaneously with this motion his Brief in Support and incorporates said brief as is set forth fully herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Honorable Court for an order compelling the Defendants BFRC and BAH to, within twenty (20) days of this Order, produce materials and testimony concerning all negligent tire puncture repairs performed by the Defendant BFRC during the years 2000 to 2005.

Respectfully submitted,

Lanny S. Vines (VIN 002)
Robert P. Bruner (BRU 029)
Attorneys for Plaintiff

3

OF COUNSEL:
**LANNY VINES & ASSOCIATES, LLC**
2142 Highland Avenue South
Birmingham, AL 35205-4002
Tel:        205-933-1277
Fax:       205-933-1272

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will

send notification of such filing to the following:

Lanny S. Vines, Esq.
Robert P. "Bo" Bruner, Esq.
LANNY VINES & ASSOCIATES, LLC
2142 Highland Avenue South
Birmingham, Alabama 35205-4002

Brittin T. Coleman
Kenneth M. Perry
Hope T. Cannon
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

and I hereby certify that I have mailed by United States Postal Service the

foregoing to the following non-CM/ECF participants:

None

OF COUNSEL

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| L. JOE PITTS, as Administrator of the Estate of SANDRA ANN SPENCE PITTS, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | |
| | ) | |
| BRIDGESTONE AMERICAS HOLDINGS, INC.; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, and BFS RETAIL AND COMMERCIAL OPERATIONS, LLC, doing business as Firestone Tire & Service Centers, | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 2:06-cv-1008-MEF |
| Defendants. | ) | |

<u>BRIDGESTONE AMERICAS HOLDINGS, INC.'S RESPONSE TO PLAINTIFF'S
FIRST SET OF CONTINUING INTERROGATORIES AND FIRST SET OF
CONTINUING REQUEST FOR PRODUCTION</u>

Defendant Bridgestone Americas Holdings, Inc. ("BSAH"), responds to

Plaintiff's First Set of Continuing Interrogatories and First Set of Continuing Request for

Production as follows. BSAH notes that it is an improperly named defendant.

<u>INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS</u>

1.      BSAH does not engage in the design, manufacture, distribution, sale or

repair of tires. As such, BSAH generally objects to Plaintiff's discovery on the grounds

that BSAH is not a proper party to this lawsuit.

2.      In making these responses, BSAH is not waiving: (a) the right to object

on the grounds of privilege, materiality, hearsay or any other proper ground, to the use of

any information provided in these responses in any subsequent proceeding in this action

or any other action; and (b) the right to object on any and all grounds to any other discovery procedures involving or relating to the subject matter of these interrogatories and requests.

3.    For the sake of brevity, the above objections are incorporated into BSAH's Response to Plaintiff's First Set of Continuing Interrogatories and First Set of Continuing Requests for Production.

<u>ANSWERS TO INTERROGATORIES</u>

<u>INTERROGATORY NO. 1</u>: Has this defendant been sued under the correct name? If no, please state the correct name, identify the correct entity and explain so that plaintiff can perfect service of process.

<u>ANSWER</u>:    BSAH has been sued in the correct name but denies that it is a proper party to this lawsuit.

<u>INTERROGATORY NO. 2</u>: Please state full name, address, job title and employer of each person answering and assisting in answering these Interrogatories on behalf of BAH.

<u>ANSWER</u>:    BSAH refers plaintiff to the verification page.

<u>INTERROGATORY NO. 3</u>: Identify and describe with specificity the procedure used by or required to be used by BAH to repair punctures in passenger and light truck tires at BFS Retail & Commercial Operations, LLC's ("BFRC") retail stores, including The Subject Store during the years 2003 to 2006.

<u>ANSWER</u>:    BSAH states that it does not engage in the repair of tires and has no procedures for repairing punctures in passenger and light truck tires.

<u>INTERROGATORY NO. 4</u>: Identify and describe with specificity all efforts undertaken by BAH to make sure that its policies and procedures regarding the repair of punctures in passenger and light truck tires were followed at BFRC's retail locations during the years 2003 to 2006.

<u>ANSWER</u>:    BSAH refers plaintiff to its answer to Interrogatory No. 3 above.

INTERROGATORY NO. 5: Identify any and all lawsuits filed against BAH making claims for damages of any type allegedly caused by negligent/wanton tire repair arising out of any repair done by BFRC during the years 2000 to 2005.

ANSWER: BSAH objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BSAH further objects to this interrogatory on the grounds that plaintiff seeks information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved. Without waiving these objections, BSAH states that from time to time it receives lawsuits regarding products and services. However, BSAH does not file or separate lawsuits by type of allegation. Therefore, BSAH would have to conduct an unreasonably burdensome file-by-file search to identify all lawsuits based on allegations of "negligent/wanton tire repair" filed between 2000 and 2005.

INTERROGATORY NO. 6: Specifically identify any and all lawsuits filed against BAH making claims for damages of any type allegedly caused by negligent/wanton tire repair done at The Subject Store during the years 2000 to 2005.

ANSWER: BSAH refers plaintiff to its objections and answer to Interrogatory No. 5 above.

INTERROGATORY NO. 7: Identify any and all complaints of any type or nature concerning any alleged improper tire repair done by BFRC arising out of any repair done during the years 2000 to 2005.

ANSWER: BSAH objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BSAH further objects to this interrogatory on the grounds that plaintiff seek information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved. Without

waiving these objections, BSAH states that from time to time it receives unverified

claims and complaints regarding products and services. For example, BSAH may receive

customer complaints concerning any number of conditions including ride, handling,

appearance, serviceability, and so forth. These written complaints, which are kept for

two years, are filed alphabetically by customer name and by year of receipt. Complaints

are not filed or separated by nature of the complaint. Therefore, BSAH would have to

conduct an unreasonably burdensome file-by-file search to locate any complaints

potentially relating to allegations of improper tire repair done during the years 2000 to

2005.

INTERROGATORY NO. 8: Specifically identify any and all complaints of any type or
nature concerning any alleged improper tire repair arising out of any repair done at The
Subject Store during the years 2000 to 2005.

ANSWER: BSAH refers plaintiff to its objections and response to Interrogatory No. 7

above.

INTERROGATORY NO. 9: Identify and describe any and all training BAH provided to,
or required of, BFRC's employees concerning the repair of tire punctures during the
years 2003 to 2006.

ANSWER: BSAH states that it does not engage in the repair of tires and does not

provide training concerning the repair of tire punctures.

INTERROGATORY NO. 10: Specifically identify and describe any and all training
BAH provided to, or required of, those individuals responsible for working on the
decedent's vehicle at any point in time.

ANSWER: BSAH states that it does not engage in the repair of tires and does not

provide training concerning the repair of tire punctures.

INTERROGATORY NO. 11: Identify any and all documents provided by you, or
required to be provided by you to BFRC and/or its employees regarding tire puncture
repair during the years 2003 to 2006.

ANSWER:    BSAH states that it does not engage in the repair of tires and does not provide tire puncture repair information to BFS Retail & Commercial Operations, LLC, ("BFRC").

INTERROGATORY NO. 12:  Identify the purchaser of the plugs used to repair Sandra Pitts tires on February 26, 2005 and December 15, 2005.

ANSWER:  BSAH objects to this interrogatory on the grounds that it seeks information not in its possession, custody or control.  Without waiving these objections, BSAH states that it does not engage in the repair of tires and does not purchase plugs.

INTERROGATORY NO. 13:  Identify and describe any information you required BFRC to provide customers during the years 2003 through 2006 concerning tire puncture repair.

ANSWER:    BSAH states that it does not engage in the repair of tires and does not provide information to customers regarding tire puncture repair.

INTERROGATORY NO. 14:  Identify any person from whom you have obtained a written or recorded statement regarding this case.

ANSWER:  BSAH objects to this interrogatory to the extent that it seeks information protected from discovery as attorney work product and/or attorney client communications.

INTERROGATORY NO. 15:  Describe in detail the relationship between BAH and BFS Retail and Commercial Operations, LLC ("BFRC").

ANSWER:    BSAH states that BFRC is a wholly owned subsidiary of Bridgestone Americas Holding, Inc.

INTERROGATORY NO. 16:  Describe in detail the relationship between BAH and Bridgestone Firestone North America Tire, LLC ("BFNT").

ANSWER:    BSAH states that Bridgestone Firestone North America Tire, LLC ("Firestone") is a wholly owned subsidiary of Bridgestone Americas Holding, Inc.

## RESPONSE TO REQUEST FOR PRODUCTION

REQUEST NO. 1:  Please produce any and all documents evidencing any work or service performed by you or BFRC for, and/or products sold by you or BFRC to, plaintiff's decedent Sandra Pitts at any time.

RESPONSE:  BSAH objects to this request on the grounds that it is overly broad and seeks information without limitation in time that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BSAH also objects to this request on the grounds that it seeks information not in its possession, custody or control. Without waiving these objections, BSAH states that it does not sell or service tires.

REQUEST NO. 2:  Please produce any and all documents evidencing payment by Sandra Pitts to you or BFRC for any work you or BFRC performed for her or any materials you or BFRC sold to her at any point in time.

RESPONSE:  BSAH refers plaintiff to its objections and response to Request No. 1 above.

REQUEST NO. 3:  Please produce any and all documents identifying the type and manufacturer(s) of all materials being used by you or BFRC to repair customers' tires during the year 2005.  Responsive documents will include, but not be limited to documents identifying said materials used at The Subject Store during said time period.

RESPONSE:  BSAH objects to this request on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  BSAH also objects to this request on the grounds that it seeks information not in its possession, custody or control.  Without waiving these objections, BSAH states that it does not sell or service tires.

REQUEST NO. 4:  Please produce any and all documents evidencing the type and manufacturer(s) of the product used to repair Sandra Pitts' tires by BFRC on February 26, 2005 and December 10, 2005.

RESPONSE:  BSAH refers plaintiff to its objections and response to Request No. 3 above.

REQUEST NO. 5:  Please produce any and all documents identifying employees who were working at The Subject Store on February 26, 2005 and December 15, 2005.

RESPONSE:  BSAH objects to this request on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence.  In addition, BSAH objects to this request on the grounds that it

seeks information not in its possession, custody or control.

REQUEST NO. 6:  Please produce an organization chart for BAH.

RESPONSE:  BSAH will provide counsel for plaintiff its current organizational chart.

REQUEST NO. 7:  Please produce any and all employment records in your possession, custody or control for the individuals who are identified in the materials attached hereto as Exhibit A as "K. YOUNG" and "P. CLEMONS".

RESPONSE:  BSAH objects to this request on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence.  BSAH also objects to this request on the grounds that it seeks

information not in its possession, custody or control.

REQUEST NO. 8:   Please produce any and all standards, literature, instructions, manuals, charts or other references of any type or kind provided by you to BFRC and/or its employees (including but not limited to those at The Subject Store) concerning tire puncture repair during the years 2003 through 2006.

RESPONSE:  BSAH states that it does not engage in the repair of tires and does not

provide tire puncture repair information to BFRC.

REQUEST NO. 9:   Please produce any and all documents evidencing any lawsuits against you for damages which were allegedly caused by negligent/wonton tire puncture repairs done during the years 2000 through 2005.

RESPONSE:  BSAH objects to this request on the grounds that it is vague, overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence.  BSAH further objects to this request on

the grounds that plaintiff seek information regarding other incidents without regard for

the similarity or dissimilarity of the circumstances involved. BSAH also objects to this

request to the extent it seeks information protected from discovery as attorney-client

communications and/or attorney work product. As phrased, this request is broad enough

to include communications, notes and memoranda created by or at the direction of

counsel. Without waiving these objections, BSAH refers plaintiff to its answer to

Interrogatory No. 5 above.

REQUEST NO. 10: Please produce any and all documents evidencing any and all
complaints of any type or nature concerning any alleged improper tire repair arising out
of any repair done during the years 2000 through 2005.

RESPONSE: BSAH objects to this request on the grounds that it is vague, overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence. BSAH further objects to this request on

the grounds that plaintiff seek information regarding other incidents without regard for

the similarity or dissimilarity of the circumstances involved. BSAH also objects to this

request to the extent it seeks information protected from discovery as attorney-client

communications and/or attorney work product. As phrased, this request is broad enough

to include communications, notes and memoranda created by or at the direction of

counsel. Without waiving these objections, BSAH refers plaintiff to its answer to

Interrogatory No. 7 above.

REQUEST NO. 11: Please produce any and all documents regarding creation, existence,
and operations by BFRC, including without limitation, articles of organization, charters,
by-laws, and operating agreements.

RESPONSE: BSAH objects to this request on the grounds that it is vague, overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence.  Without waiving these objections,

BSAH states that BFRC is a limited liability company organized pursuant to the laws of

the State of Delaware on September 13, 2001.

REQUEST NO. 12:  Please produce any and all documents regarding BAH's rights, liabilities, obligations, ownership and partnership as a member of BFRC.

RESPONSE:  BSAH objects to this request on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence.  Without waiving these objections, BFRC is a wholly owned

subsidiary of BSAH.

REQUEST NO. 13:  Please produce any and all documents provided by you to BFRC or its employees during 2003 through 2006 which n any way address the process for repairing a tire puncture.  Responsive materials will include, but not be limited to, any such documents addressing under what circumstances it is appropriate/inappropriate to repair a tire puncture using a plug-only, patch-only, or patch-plug combination.

RESPONSE:  BSAH refers plaintiff to its answer to Interrogatory No. 11 above.

REQUEST NO. 14:  Please produce any and all documents provided by you to any other Bridgestone/Firestone entity during the years 2003 through 2006 which in any way address tire puncture repair.

RESPONSE:  BSAH refers plaintiff to its answer to Interrogatory No. 11 above.

REQUEST NO. 15:  Please produce any and all documents provided by you to BFRC, or required by you to be given by BFRC to consumers along with tires sold by you at your retail stores which in any way address tire puncture repair.  Responsive documents will include, but not be limited to, warranty information and manuals provided with said new tires.

RESPONSE:  BSAH refers plaintiff to its answer to Interrogatory No. 11 above.

REQUEST NO. 16:  Please produce any and all documents, created, disseminated or received from 2000 to 2005 evidencing your knowledge of the risk of conducting a "plug-only" tire puncture repair.

RESPONSE:  BSAH objects to this request on the grounds that it is overly broad, unduly

burdensome and seeks information that is irrelevant and not reasonably calculated to lead

to the discovery of admissible evidence. Without waiving these objections, BSAH states that it does not engage in the repair of tires. Nevertheless, BSAH will provide counsel for plaintiff a representative sample of RMA materials related to tire repair.

REQUEST NO. 17: Please produce any and all documents evidencing training provided by you to, or required by you of BFRC's employees concerning tire puncture repair during the years 2000 through 2005.

RESPONSE: BSAH states that it does not engage in the repair of tires and does not provide training concerning the repair of tire punctures.

REQUEST NO. 18: Please produce any and all documents evidencing any efforts by you to ensure that BFRC Retail locations were conducting proper tire puncture repairs during the years 2000 to 2005.

RESPONSE: BSAH states that it does not engage in the repair of tires and is not aware of any documents responsive to this request.

REQUEST NO. 19: Please produce any and all documents in your possession, custody and control evidencing any allegedly improper service procedures, including but not limited to improper tire repairs, done by or at The Subject Store during the years 2000 to 2005.

RESPONSE: BSAH objects to this request on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BSAH refers plaintiff to its answers to Interrogatories No. 5 and 7 above.

REQUEST NO. 20: Please produce any and all documents evidencing any insurance policies or indemnity agreements which may provide you coverage for plaintiff's claims.

RESPONSE: BSAH objects to this request on the grounds it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BSAH states it is self-insured for this matter.

REQUEST NO. 21: Please produce any and all documents evidencing your relationship with any of the other named defendants and any other Bridgestone/Firestone entity during the year 2005.

RESPONSE: BSAH objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BSAH refers plaintiff to its responses to Interrogatories No. 15 and 16 above.

Signed as to objections:

_____
One of the Attorneys for Defendants
Bridgestone Americas Holding, Inc.,
Bridgestone Firestone North American Tire,
LLC, and BFS Retail & Commercial
Operations, LLC

OF COUNSEL:

Brittin T. Coleman (COL004)
Kenneth M. Perry (PER048)
Hope T. Cannon (STE147)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000; Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Lanny S. Vines, Esq.
Robert P. Bruner, Esq.
Lanny Vines & Associates
2142 Highland Avenue South
Birmingham, AL 35205

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 22nd day of March, 2007.

_____
OF COUNSEL

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| L. JOE PITTS, as Administrator of the Estate of SANDRA ANN SPENCE PITTS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| BRIDGESTONE AMERICAS HOLDINGS, INC.; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, and BFS RETAIL AND COMMERCIAL OPERATIONS, LLC, doing business as Firestone Tire & Service Centers, | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 2:06-cv-1008-MEF |
| Defendants. | ) ) | |

BFS RETAIL & COMMERCIAL OPERATIONS, LLC'S RESPONSE TO
PLAINTIFF'S FIRST SET OF CONTINUING INTERROGATORIES AND FIRST SET
OF CONTINUING REQUEST FOR PRODUCTION

Defendant BFS Retail & Commercial Operations, LLC, ("BFRC") responds to

Plaintiff's First Set of Continuing Interrogatories and First Set of Continuing Request for

Production as follows:

INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS

1.    BFRC objects to Plaintiff's vague and overly broad definition of "You,"

"Your" and "Your Company" on the grounds that it includes affiliates, and "successor or

predecessor firms or corporations."  Unless otherwise noted, BFRC's responses will be

limited to BFS Retail & Commercial Operations, LLC.

2.      In making these responses, BFRC is not waiving:  (a) the right to object on the grounds of privilege, materiality, hearsay or any other proper ground, to the use of any information provided in these responses in any subsequent proceeding in this action or any other action; and (b) the right to object on any and all grounds to any other discovery procedures involving or relating to the subject matter of these interrogatories and requests.

3.      For the sake of brevity, the above objections are incorporated into BFRC's Response to Plaintiff's First Set of Continuing Interrogatories and First Set of Continuing Request for Production.

## ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1:  Has this defendant been sued under the correct name?  If not, please state the correct name, identify the correct entity and explain so that plaintiff can perfect service of process.

ANSWER:  BFRC has been sued in the correct name.

INTERROGATORY NO. 2:  Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories on behalf of BFRC.

ANSWER:  BFRC refers Plaintiff to the verification page.

INTERROGATORY NO. 3:  Explain with specificity the nature of the relationship between BFRC and the "Firestone Tire and Service Center" located at 321 Madison Avenue, Montgomery, Alabama 36104.

ANSWER:  BFRC states that the Firestone Tire and Service Center located at 321 Madison Avenue, Montgomery, Alabama ("subject store") is a company-owned store.

INTERROGATORY NO. 4:  Identify all work performed by you for the decedent Sandra Pitts specifying the date that said service was done, the nature of work done for Sandra Pitts, all charges and all payments by Sandra Pitts.

1/1557983.2                                    2

ANSWER:   BFRC objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence.  This interrogatory is not limited to any

particular vehicle, tire, date or service center.  Without waiving these objections, BFRC

will produce copies of invoices for work performed by the subject store for Sandra Ann

Pitts.

INTERROGATORY NO. 5:  Identify any and all individuals who performed any service
or had any connection whatsoever with any of the services performed for Sandra Pitts by
or on behalf of BFRC.

ANSWER:   BFRC objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence.  This interrogatory is not limited to any

particular vehicle, tire, date or service center.  Without waiving these objections, BFRC

refers plaintiff to its response to Request No. 5 below.

INTERROGATORY NO. 6:  Identify and describe with specificity the procedure used by
BFRC to repair punctures in passenger and light truck tires during the years 2003 to
2006.

ANSWER:  BFRC objects to this interrogatory on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence.  Without waiving these objections, BFRC states that it will

provide counsel for Plaintiff a representative sample of wall charts related to procedures

to repair steel belted radial tires.  Further, BFRC will provide counsel for Plaintiff copies

of a representative sample of documents currently maintained by the subject store

concerning tire puncture repairs.  Some of these materials are copyrighted and are subject

to and protected by copyright laws. Any further reproduction without the express consent of the copyright owner is prohibited.

INTERROGATORY NO. 7:  Identify and describe with specificity all efforts undertaken by BFRC to make sure that its policies and procedures regarding the repair of punctures in passenger and light truck tires were followed by its retail locations during the years 2003 to 2006.

ANSWER:  BFRC refers Plaintiff to its objections and response to Interrogatory No. 6 above. Additionally, BFRC states that its employees undergo various training courses and exams regarding tire maintenance, care and repair, including but not limited to such courses as Tire Demount, Mount & Repair, Quick Start, You Auto Know and New Employee Training.  Periodic meetings may also be held at the district level with store managers and at the store level with technicians which may include discussions of policies and procedures.  Some of these materials are copyrighted and are subject to and protected by copyright laws. Any further reproduction without the express consent of the copyright owner is prohibited.

INTERROGATORY NO. 8:  State under what circumstances it was appropriate or would have been appropriate for any of your retail locations, including The Subject Store to have used a plug-only puncture repair on passenger and light truck tires during the years 2003 to 2006.

ANSWER:    BFRC states that, pursuant to its recommended procedures for tire repair, a plug-only puncture repair of a steel belted radial tire is not appropriate.

INTERROGATORY NO. 9:  Identify any and all lawsuits filed against BFRC making claims for damages of any type allegedly caused by negligent/wanton tire repair arising out of any repair done by you during the years 2000 to 2005.

ANSWER:   BFRC objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  BFRC further objects to this interrogatory on the grounds that Plaintiff seek information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved.  Without waiving these objections, BFRC states that from time to time it receives lawsuits regarding products and services.  However, BFRC does not file or separate lawsuits by type of allegation.  Therefore, BFRC would have to conduct an unreasonably burdensome file-by-file search to identify all lawsuits based on allegations of "negligent/wanton tire repair" filed between 2000 and 2005.

INTERROGATORY NO. 10:  Specifically identify any and all lawsuits filed against BFRC making claims for damages of any type allegedly caused by negligent/wanton tire repair done at The Subject Store during the years 2000 to 2005.

ANSWER:   BFRC objects to this interrogatory on the grounds that it is vague, overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  BFRC further objects to this interrogatory on the grounds that Plaintiff seek information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved.  Without waiving these objections, BFRC states that there have been no other lawsuits involving this store and allegations regarding puncture repairs during the past five years.

INTERROGATORY NO. 11:  Identify any and all complaints of any type or nature concerning any alleged improper tire repair done by you arising out of any repair done during the years 2000 to 2005.

ANSWER:   BFRC objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence. BFRC further objects to this interrogatory on the grounds that Plaintiff seek information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved. Without waiving these objections, BFRC states that from time to time it receives unverified claims and complaints regarding products and services. For example, BFRC may receive customer complaints concerning any number of conditions including ride, handling, appearance, serviceability, and so forth. These written complaints, which are kept for two years, are filed alphabetically by customer name and by year of receipt. Complaints are not filed or separated by nature of the complaint. Therefore, BFRC would have to conduct an unreasonably burdensome file-by-file search to locate any complaints potentially relating to allegations of improper tire repair done during the years 2000 to 2005.

INTERROGATORY NO. 12: Specifically identify any and all complaints of any type or nature concerning any alleged improper tire repair arising out of any repair done at The Subject Store during the years 2000 to 2005.

ANSWER: BFRC refers Plaintiff to its objections and answer to Interrogatory No. 11 above.

INTERROGATORY NO. 13: Identify and describe any and all training BFRC provided to its employees or required of it employees concerning the repair of tire punctures during the years 2003 to 2006.

ANSWER: BFRC objects to this interrogatory on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC refers Plaintiff to its responses to Interrogatory Nos. 6 and 7 above.

INTERROGATORY NO. 14:  Specifically identify and describe any and all training BFRC provided to or required of those individuals described in this defendants response to interrogatory number 5 above concerning the repair of tire punctures at any time.

ANSWER:  BFRC refers Plaintiff to its objections and response to Interrogatory Nos. 6 and 7 above.

INTERROGATORY NO. 15:  Identify any and all documents used by or referred to by any employees of BFRC in the course of repairing tire punctures during the years 2003 to 2006.

ANSWER:  BFRC objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  BFRC has over 2200 retail stores and service centers and it would be unduly burdensome for BFRC to identify "all documents used by or referred to by any employees" when repairing tire punctures.  Without waiving these objections, BFRC refers Plaintiff to its responses to Interrogatory Nos. 6 and 7 above.

INTERROGATORY NO. 16:  Identify the manufacturer(s) and distributor(s) of the plugs used to repair Sandra Pitts tires on February 26, 2005 and December 15, 2005.

ANSWER:  BFRC states that it is unable to identify the manufacturer or distributor of the plugs used in the tires because it has not yet had an opportunity to examine the tires.

INTERROGATORY NO. 17:  Identify any alternative products (to the plugs used) available to BFRC and The Subject Store to repair Sandra Pitts' tires in 2005.

ANSWER:  BFRC objects to this interrogatory on the grounds that it is vague, overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, BFRC refers Plaintiff to its answer to Interrogatory No. 8 above.

INTERROGATORY NO. 18:  Identify and describe any information you provided to customers during the years 2003 through 2006 concerning tire puncture repair.

ANSWER:  BFRC objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence.  BFRC has over 2200 retail stores and

service centers and it would be unduly burdensome for BFRC to identify and describe

"any information" provided to customers concerning tire puncture repair.  Without

waiving these objections, BFRC instructs and warns about the proper care, service and

maintenance of tires in various ways.  Safety and servicing information is contained in

the Firestone Tire Maintenance Warranty and Safety Manual, which would have been

provided by BFRC with the sale of Firestone tires.  BFRC has also disseminated to the

public various tire care and service materials published by the RMA and the Tire Industry

Safety Council ("TISC").  BFRC will provide counsel for Plaintiff with a representative

sample of RMA and TISC materials.

INTERROGATORY NO. 19:  Identify any person from whom you have obtained a
written or recorded statement regarding this case.

ANSWER:  BFRC objects to this interrogatory to the extent that it seeks information

protected from discovery as attorney work product and/or attorney client

communications.

INTERROGATORY NO. 20:  Describe in detail the relationship between BFRC and
Bridgestone Americas Holding, Inc., ("BAH")

ANSWER:  BFRC states that it is a wholly owned subsidiary of Bridgestone Americas

Holding, Inc. ("BSAH").

INTERROGATORY NO. 21:  Describe in detail the relationship between BFRC and
Bridgestone Firestone North America Tire, LLC ("BFNT").

ANSWER:  BFRC objects to this interrogatory on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence.  Without waiving these objections, BFRC states that BFRC and

Bridgestone Firestone North American Tire, LLC are wholly owned subsidiaries of

BSAH.

## RESPONSES TO REQUEST FOR PRODUCTION

REQUEST NO. 1:  Please produce any and all documents evidencing any work or
service performed by you for and/or products sold by you to plaintiff's decedent Sandra
Pitts at any time.

RESPONSE:  BFRC objects to this request on the grounds that it is overly broad, unduly

burdensome and seeks information without limitation in time that is irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence.  BFRC has over

2200 retail stores and service centers and it would be unduly burdensome for BFRC to

search them for any work performed for or tires sold to Sandra Pitts at any time.  Without

waiving these objections, BFRC states that it will produce copies of invoices for work

performed by the subject store for Sandra Ann Pitts.

REQUEST NO. 2:  Please produce any and all documents evidencing payment by Sandra
Pitts to you for any work you performed for her or any materials you sold to her at any
point in time.

RESPONSE:  BFRC refers Plaintiff to its objections and response to Request No. 1

above.

REQUEST NO. 3:  Please produce any and all documents identifying the type and
manufacturer(s) of any materials being used by you to repair customers' tires during the
year 2005.  Responsive documents will include, but not be limited to documents
identifying said materials used at The Subject Store during said time period.

RESPONSE:  BFRC objects to this request on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence. Without waiving these objections, BFRC will produce a

brochure identifying the products available for purchase by the Subject Store.

Additionally, the Subject Store may also have purchased repair products from third party

vendors such as Car Quest or Auto Zone. To the extent evidences of such purchases have

been retained, they will be produced.

REQUEST NO. 4: Please produce any and all documents evidencing the type and
manufacturer(s) of the product used to repair Sandra Pitts' tires by you on February 26,
2005 and December 10, 2005.

RESPONSE: BFRC refers Plaintiff to its answer to Interrogatory No. 16 above.

REQUEST NO. 5: Please produce any and all documents identifying employees who
were working at The Subject Store on February 26, 2005 and December 15, 2005.

RESPONSE: BFRC objects to this request on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence. Without waiving these objections, BFRC states that P. Clemons

performed tire work for Sandra Pitts on February 26, 2005 and December 15, 2005 and

K. Young performed other mechanical work on the vehicle, as indicated on the invoices

which will be produced.

REQUEST NO. 6: Please produce an organizational chart for BFRC.

RESPONSE: BFRC will provide counsel for Plaintiff its current organizational chart.

REQUEST NO. 7: Please produce an organizational chart for The Subject Store.

RESPONSE: BFRC states that there is no organizational chart for the subject store.

REQUEST NO. 8: Please produce any and all employment records for the individuals
who are identified in the materials attached hereto as Exhibit A as "K. YOUNG" and "P.
CLEMONS".

RESPONSE: BFRC objects to this request on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence. BFRC also objects to this request as unnecessarily invading the privacy of its employees.

REQUEST NO. 9:    Please produce any and all standards, literature, instructions, manuals, charts or other references of any type or kind used by, or available to, your employees (including but not limited to those at The Subject Store) concerning tire puncture repair during the years 2003 through 2006.

RESPONSE: BFRC objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BFRC has over 2200 retail stores and service centers and it would be unduly burdensome for BFRC to identify all documents used by or available to any employees when repairing tire punctures. Without waiving these objections, BFRC refers Plaintiff to its responses to Interrogatory Nos. 6 and 7 above.

REQUEST NO. 10:    Please produce any and all documents evidencing any lawsuits against you for damages which were allegedly caused by negligent/wonton tire puncture repairs done during the years 2000 through 2005.

RESPONSE: BFRC objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BFRC further objects to this request on the grounds that Plaintiff seek information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved. BFRC also objects to this request to the extent it seeks information protected from discovery as attorney-client communications and/or attorney work product. As phrased, this request is broad enough to include communications, notes and memoranda created by or at the direction of counsel. Without waiving these objections, BFRC refers Plaintiff to its response to Interrogatory No. 9 above.

REQUEST NO. 11:  Please produce any and all documents evidencing any and all complaints of any type or nature concerning any alleged improper tire repair arising out of any repair done during the years 2000 through 2005.

RESPONSE:  BFRC objects to this request on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  BFRC further objects to this request on the grounds that Plaintiff seek information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved.  BFRC also objects to this request to the extent it seeks information protected from discovery as attorney-client communications and/or attorney work product.  As phrased, this request is broad enough to include communications, notes and memoranda created by or at the direction of counsel.  Without waiving these objections, BFRC refers Plaintiff to its response to Interrogatory No. 11 above.

REQUEST NO. 12:  Please produce any materials evidencing the costs you charged consumers during the year 2005 to complete a tire puncture repair using both a patch and plug.

RESPONSE:  BFRC objects to this request on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, BFRC refers Plaintiff to the documents proffered in response to Request No. 1 above.

REQUEST NO. 13:  Please produce any and all documents evidencing the price you charged consumers during the year 2005 to repair a tire puncture using only a plug.

RESPONSE:  BFRC states that it does not recommend the use of a plug-only repair and therefore is not aware of any documents responsive to this request.

REQUEST NO. 14:  Please produce any and all materials evidencing the price you charged consumers during the year 2005 to repair a tire puncture using only a patch.

RESPONSE: Without waiving the general objections above, BFRC states that it is not aware of any documents responsive to this request.

REQUEST NO. 15: Please produce any and all documents provided to your employees during 2003 through 2006 which in any way address the process for repairing a tire puncture. Responsive materials will include, but not be limited to, any such documents addressing under what circumstances it is appropriate/inappropriate to repair a tire puncture using a plug-only, patch-only, or patch-plug combination.

RESPONSE: BFRC objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC refers Plaintiff to its responses to Interrogatory Nos. 6 and 7 above.

REQUEST NO. 16: Please produce any and all documents provided to you by any other Bridgestone/Firestone entity during the years 2003 through 2006 which in any way address tire puncture repair.

RESPONSE: BFRC objects to this request on the grounds that it is vague, overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC refers Plaintiff to its response to Interrogatory No. 6 above

REQUEST NO. 17: Please produce any and all documents provided to consumers along with tires sold by you at your retail stores which in any way address tire puncture repair. Responsive documents will include, but not be limited to, warranty information and manuals provided with said new tires.

RESPONSE: BFRC objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC refers Plaintiff to its response to Interrogatory No. 18 above.

REQUEST NO. 18: Please produce any and all documents provided to consumers during the years 2003 through 2006 which in any way concern tire puncture repair.

RESPONSE:  BFRC objects to this request on the grounds that it is overly broad, unduly

burdensome and seeks information that is irrelevant and not reasonably calculated to lead

to the discovery of admissible evidence.  Without waiving these objections, BFRC refers

Plaintiff to its response to Interrogatory No. 18 above.

REQUEST NO. 19:  Please produce any and all documents which accompanied the
materials used by you to repair tire punctures during the years 2003 through 2006.

RESPONSE:  BFRC objects to this request on the grounds that it is overly broad and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery

of admissible evidence.  Without waiving these objections, BFRC states that once it has

had an opportunity to inspect the tires on Sandra Ann Pitts' vehicle at the time of the

accident, BFRC will provide available warnings or instructions that accompanied

materials used, assuming that the tire(s) were repaired by BFRC.

REQUEST NO. 20:  Please produce any and all documents evidencing any insurance
policies or indemnity agreements which may provide you coverage for plaintiff's claims.

RESPONSE:  BFRC objects to this request on the grounds it is overly broad and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.  Without waiving these objections, BFRC states it is self-insured for

this matter.

REQUEST NO. 21:  Please produce any and all documents evidencing your relationship
with any of the other named defendants and any other Bridgestone/Firestone entity during
the year 2005.

RESPONSE:  BFRC objects to this request on the grounds that it is vague, overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence.  Without waiving these objections, BFRC

refers Plaintiff to its responses to Interrogatories No. 3, 20 and 21 above.

Signed as to objections:

_____

One of the Attorneys for Defendants
Bridgestone Americas Holding, Inc.,
Bridgestone Firestone North American Tire,
LLC, and BFS Retail & Commercial
Operations, LLC

OF COUNSEL:

Brittin T. Coleman (COL004)
Kenneth M. Perry (PER048)
Hope T. Cannon (STE147)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 521-8000; Facsimile:  (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Lanny S. Vines, Esq.
Robert P. Bruner, Esq.
Lanny Vines & Associates
2142 Highland Avenue South
Birmingham, AL 35205

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this _____ day of March, 2007.

_____
OF COUNSEL

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

L. JOE PITTS, as Administrator of the    )
Estate of SANDRA ANN SPENCE    )
PITTS, Deceased,    )
    )
     Plaintiff,    )
    )
v.    )
    )
BRIDGESTONE AMERICAS    )    CIVIL ACTION NO.:
HOLDINGS, INC.;    )    2:06-cv-1008-MEF
BRIDGESTONE FIRESTONE NORTH    )
AMERICAN TIRE, LLC,    )
and BFS RETAIL AND COMMERCIAL    )
OPERATIONS, LLC,    )
doing business as Firestone Tire & Service    )
Centers,    )
    )
     Defendants.    )

<u>BFS RETAIL & COMMERCIAL OPERATIONS, LLC'S RESPONSE TO
PLAINTIFF'S NOTICE OF DEPOSITION</u>

Defendant BFS Retail & Commercial Operations, LLC, ("BFRC") responds to

Plaintiff's Notice of Taking Deposition as follows:

**INTROUCTORY STATEMENT AND GENERAL OBJECTIONS**

1.    BFRC objects to Plaintiff's vague and overly broad definition of "You,"

"Your" and "Your Company" on the grounds that it includes affiliates, and "successor or

predecessor firms or corporations." Unless otherwise noted, BFRC's responses will be

limited to BFS Retail & Commercial Operations, LLC.

2.    In making these responses, BFRC is not waiving: (a) the right to object on

the grounds of privilege, materiality, hearsay or any other proper ground, to the use of

any information provided in these responses in any subsequent proceeding in this action

or any other action; and (b) the right to object on any and all grounds to any other discovery procedures involving or relating to the subject matter of these interrogatories and requests.

    3.    For the sake of brevity, the above objections are incorporated into BFRC's Response to Plaintiff's Notice of Deposition.

RESPONSE TO NOTICE OF DEPOSITION

*Plaintiff's Notice of Deposition requests that BFRC designate "the persons most knowledgeable concerning the subjects on which testimony is requested" as follows:*

TOPIC NO. 1: Testimony concerning any and all repair or service work done by BFRC and/or The Subject Store on the vehicle involved in the matter made the basis of Plaintiff's claims.

RESPONSE: BFRC objects to this topic on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC will produce one or more witnesses generally knowledgeable regarding the maintenance and service performed on the subject vehicle at its facility on 321 Madison Avenue, Montgomery, Alabama ("subject store").

TOPIC NO. 2: Testimony concerning policies and procedures regarding tire puncture repair in passenger and light truck tires at BFRC's Retail Stores including The Subject Store during the years 2003 through 2006.

RESPONSE: BFRC objects to this topic on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC will produce one or more witnesses generally knowledgeable regarding tire puncture repair procedures that were in effect in 2005.

2

<u>TOPIC NO. 3</u>:  Testimony concerning any and all efforts undertaken by BFRC to make sure that its policies and procedures regarding the repair of punctures of passenger and light truck tires were followed at BFRC's Retail locations, including The Subject Store, during the years 2003 through 2006.

<u>RESPONSE</u>:  BFRC refers plaintiff to its objections and response to Topic No. 2 above.

In addition, BFRC will produce one or more witnesses generally knowledgeable regarding the training of employees at the subject store related to tire repair procedures during the relevant time periods.

<u>TOPIC NO. 4</u>:  Testimony concerning any and all lawsuits filed against BFRC making claims for damages of any type allegedly caused by negligent/wonton tire repair done by BFRC during the years 2000 through 2005.

<u>RESPONSE</u>:  BFRC objects to this topic on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  BFRC further objects to this topic on the grounds that plaintiff seeks information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved.    Without waiving these objections, BFRC states that from time to time it receives lawsuits regarding products and services.    However, BFRC does not file or separate lawsuits by type of allegation. Therefore, BFRC would have to conduct an unreasonably burdensome file-by-file search to identify all lawsuits based on allegations of "negligent/wanton tire repair" filed between 2000 and 2005.  Consequently, BFRC will not produce a witness regarding this topic.  BFRC also refers plaintiff to its response to Topic No. 5 below.

<u>TOPIC NO. 5</u>:  Testimony concerning any and all lawsuits filed against BFRC making claims for damages of any allegedly caused by negligent/wonton tire repair done at The Subject Store during the years 2000 through 2005.

<u>RESPONSE</u>:    BFRC objects to this topic on the grounds that it is vague, overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. BFRC further objects to this topic on the grounds that

plaintiff seeks information regarding other incidents without regard for the similarity or

dissimilarity of the circumstances involved. Without waiving these objections, BFRC

states that there have been no other lawsuits involving this store and allegations regarding

puncture repairs during the past five years. Consequently, BFRC will not produce a

witness regarding this topic.

TOPIC NO. 6: Testimony concerning complaints of any nature or type regarding any
alleged improper tire repair done by BFRC during the years 2000 through 2005.

RESPONSE: BFRC objects to this topic on the grounds that it is vague, overly broad,

unduly burdensome and seeks information that is irrelevant and not reasonably calculated

to lead to the discovery of admissible evidence. BFRC further objects to this topic on the

grounds that plaintiff seeks information regarding other incidents without regard for the

similarity or dissimilarity of the circumstances involved. Without waiving these

objections, BFRC states that from time to time it receives unverified claims and

complaints regarding products and services. For example, BFRC may receive customer

complaints concerning any number of conditions including ride, handling, appearance,

serviceability, and so forth. These written complaints, which are kept for two years, are

filed alphabetically by customer name and by year of receipt. Complaints are not filed or

separated by nature of the complaint. Therefore, BFRC would have to conduct an

unreasonably burdensome file-by-file search to locate any complaints potentially relating

to allegations of improper tire repair done during the years 2000 to 2005. Consequently,

BFRC will not produce a witness regarding this topic.

TOPIC NO. 7: Testimony concerning any and all complaints regarding any alleged
improper tire repair done at The Subject Store during the years 2000 thought 2005.

RESPONSE: BFRC objects to this topic on the grounds that it is vague, overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BFRC further objects to this topic on the grounds that plaintiff seeks information regarding other incidents without regard for the similarity or dissimilarity of the circumstances involved. Without waiving these objections, BFRC states that it is unaware of any other complaints involving this store and allegations regarding puncture repairs during the past five years. Consequently, BFRC will not produce a witness regarding this topic.

TOPIC NO. 8: Testimony concerning any and all training BFRC provided to or required of its employees concerning the repair of tire punctures during the years 2003 through 2006.

RESPONSE: BFRC objects to this topic on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC will produce one or more witnesses generally knowledgeable regarding tire puncture repair training at the subject store.

TOPIC NO. 9: Testimony concerning any and all training BFRC and/or The Subject Store provide to or required of those individuals who performed work on the decedent's vehicle at any point in time.

RESPONSE: BFRC refers plaintiff to its objections and response to Topic No. 8 above.

TOPIC NO. 10: Testimony concerning any and all documents provided by BFRC to the subject store, other stores and any employees regarding tire puncture repair during the years 2003 through 2006.

RESPONSE: BFRC objects to this topic on the grounds that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC will produce one or more

witnesses generally knowledgeable regarding tire puncture repair materials provided to the subject store from 2003 through 2005.

<u>TOPIC NO. 11</u>: Testimony concerning record keeping practices and procedures at BFRC and The Subject Store.

<u>RESPONSE</u>: BFRC objects to this topic on the grounds that it is vague, overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC will produce one or more witnesses generally knowledgeable regarding the portions of its record retention policy applicable to the subject store.

<u>TOPIC NO. 12</u>: Testimony concerning the relationship between BFRC, Bridgestone Americas Holdings, Inc. and Bridgestone Firestone North American Tire, LLC.

<u>RESPONSE</u>: BFRC objects to this topic on the grounds that it is vague, overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC will produce one or more witnesses generally knowledgeable regarding the corporate relationship between BFRC, Bridgestone Americas Holdings, Inc. and Bridgestone Firestone North American Tire, LLC.

<u>TOPIC NO. 13</u>: Testimony concerning any materials provided to BFRC and/or The Subject Store by Bridgestone Americas Holdings, Inc. and Bridgestone Firestone North American Tire, LLC or any other Bridgestone/Firestone entity during the years 2003 to 2006 which in any way address tire puncture repair.

<u>RESPONSE</u>: BFRC objects to this topic on the grounds that it is vague, overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, BFRC refers plaintiff to its response to Topic No. 10 above.

6

Signed as to objections:

_____

One of the Attorneys for Defendants
Bridgestone Americas Holding, Inc.,
Bridgestone Firestone North American Tire,
LLC, and BFS Retail & Commercial
Operations, LLC

OF COUNSEL:

Brittin T. Coleman (COL004)
Kenneth M. Perry (PER048)
Hope T. Cannon (STE147)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 521-8000; Facsimile:  (205) 521-8800

7

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Lanny S. Vines, Esq.
Robert P. Bruner, Esq.
Lanny Vines & Associates
2142 Highland Avenue South
Birmingham, AL 35205

via hand delivery and
by placing a copy of same in the United States Mail, first-class postage prepaid and
addressed to his regular mailing address, on this 20th day of April, 2007.

_____

OF COUNSEL

8