IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| L. JOE PITTS, as Administrator of the Estate of SANDRA ANN SPENCER PITTS, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> BRIDGESTONE AMERICAS HOLDINGS, INC.; <br> BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, <br> and BFS RETAIL AND COMMERCIAL OPERATIONS, LLC, <br> doing business as Firestone Tire & Service Centers, <br><br> Defendants. | CIVIL ACTION NO.: 2:06cv1008-MEF |

## MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

COME NOW, Plaintiff L. Joe Pitts, as Administrator of the Estate of Sandra Ann Spencer Pitts, Deceased and Defendants Bridgestone Americas Holding, Inc., Bridgestone Firestone North American Tire, LLC, and BFS Retail & Commercial Operations, LLC by and through undersigned counsel and hereby respectfully move this Court for entry of the attached Agreed Protective Order as an Order governing all parties participating in the above-referenced action. *See* Exhibit A. As indicated in the attached Agreed Protective Order, the parties intend for this Agreed Protective Order to govern the use of confidential information in this action.

Dated: June 8, 2007

_____  _____
Robert P. Bruner, Esq.        Brittin T. Coleman, Esq.
Attorney for Plaintiff        One of the Attorneys for Defendant
Lanny Vines & Associates, LLC  Bradley Arant Rose & White LLP
2142 Highland Avenue South    One Federal Place
Birmingham, AL 35205-4002     1819 Fifth Avenue North
                              Birmingham, AL 35203-2104

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| L. JOE PITTS, as Administrator of the Estate of SANDRA ANN SPENCER PITTS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIDGESTONE AMERICAS HOLDINGS, INC.; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, and BFS RETAIL AND COMMERCIAL OPERATIONS, LLC, doing business as Firestone Tire & Service Centers, | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 2:06cv1008-MEF |
| Defendants. | ) | |

AGREED PROTECTIVE ORDER

Upon stipulation of the parties, it is hereby ORDERED that all documents and other materials produced by Bridgestone Americas Holding, Inc., Bridgestone Firestone North American Tire, LLC, and BFS Retail & Commercial Operations, LLC (collectively referred to as "Firestone"), Bridgestone Corporation, and other parties and/or third parties, voluntarily or by Order of the Court, have been and will be produced under the following conditions:

**I.**

A.   The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business information and other commercially sensitive or personally sensitive information, and that the producing party has a protected proprietary, property or other interest in those materials.

B.   If the producing party has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, the producing party may designate as

"CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in accordance with Section I.E, below.  Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such material subject to the Agreed Protective Order.  This Agreed Protective Order shall also apply to the specific pages and lines from oral depositions designated as "CONFIDENTIAL" by the producing party in accordance with Section I.E, below.

       C.       When used in this Agreed Protective Order, the word "CONFIDENTIAL" means designated research, development, and other confidential and/or proprietary information of the producing party.

       D.       When used in this Agreed Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated written materials, computer documents, design drawings, mold drawings, tire standards, claims histories, adjustment data, testing documentation, videotapes, answers to Interrogatories, responses to Requests for Production, deposition transcripts, documents produced by the producing party to any governmental agency or body such as the National Highway Traffic Safety Administration ("NHTSA") at any time and deemed by that agency or body to be confidential pursuant to 49 CFR § 512, or other similar regulations, and all other designated tangible items which disclose "CONFIDENTIAL" information.

       E.       In order to designate a portion of any document or other printed material as "CONFIDENTIAL," the producing party shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not cover, obscure, or impair the legibility of any information contained within the material.  In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as "CONFIDENTIAL," the producing party shall mark the case or envelope containing the material with the word "CONFIDENTIAL."  Documents printed from such electronic media shall be marked the same as documents originally produced on paper.  In the case of a deposition or oral examination,

counsel for the producing party may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the producing party receives a transcript of the deposition and for 21 days thereafter. In the event the producing party's counsel during the deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing party does not waive its right to designate the deposition testimony as "CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within 21 days after receiving the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the producing party during this time period shall remain "CONFIDENTIAL." The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Agreed Protective Order, will execute an acknowledgement thereof, and shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.F below) any deposition testimony or exhibits in this lawsuit.

F.  When used in this Agreed Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; and (4) experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation.

II.

Absent a further order of the Court, those documents marked as "CONFIDENTIAL MATERIAL," as described in Sections I.C and I.D, shall not be used for any purpose other than the prosecution or defense of this captioned action or other litigation as described in Section I.F,

and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS without the prior written agreement of the producing party or order of the Court after due notice to the producing party.

### III.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for the producing party each and every signed "WRITTEN ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS"; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

### IV.

A.  If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope on which the following legend shall prominently appear:

> **L. Joe Pitts, as Administrator of the Estate of Sandra Ann Spence Pitts v. Bridgestone Americas Holding, Inc., et al., United States District Court, Middle District, Northern Division CV 2:06cv1008-MEF; CONFIDENTIAL - This envelope contains documents or other material filed by the parties in this matter. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.**

B.     "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for the producing party is present, and subject to the producing party's right to seek in-camera treatment of such documents.  Further, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of the documents or information.

C.     All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL MATERIAL" shall be under seal and such documents shall not be publicly available, except by further order of this Court.

D.     If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Agreed Protective Order receives a subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena.  The party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for the producing party, or an order of a court of competent jurisdiction.

**V.**

Certain parties anticipate producing large volumes of materials in discovery in this matter, including large collections of materials in the form of paper or electronic format repositories, increasing the likelihood that information protected from discovery by certain privileges or immunities, or "CONFIDENTIAL MATERIAL" not marked as such, may be produced inadvertently.  Therefore, the following provisions shall apply to the production of information in this case:

A. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, the trade secret and proprietary business information privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly upon becoming aware of it.

B. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed and such returned material shall be deleted from any litigation-support or database. No use shall be made of such documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return and destroy them.

C. If any party contends that the notification of inadvertent production was not "reasonably prompt," it shall notify the producing party in writing, and will make no further use of such documents pending a resolution of their status by the Court. It shall be the burden of the producing party to move for a protective order regarding the inadvertent production, and to demonstrate both that the production was inadvertent, that reasonable diligence was exercised to identify the inadvertently produced information, and that notification was made with reasonable promptness after discovering the inadvertent production.

D. The party returning or destroying such documents may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

E. Inadvertent failure to designate produced materials as "CONFIDENTIAL MATERIAL," pursuant to the terms of Section I above shall not constitute a waiver of the right

to designate such materials "CONFIDENTIAL," provided that the producing party shall notify the receiving party of such inadvertent failure to designate promptly upon becoming aware of it.

      F.      If reasonable notification is made of such failure to designate, such inadvertently non-designated documents and all copies thereof, shall be returned to the producing party or destroyed and such material shall be deleted from any litigation-support or database. No use shall be made of such non-designated documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

## VI.

Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all "CONFIDENTIAL MATERIAL" including any copies (except those determined by the Court or agreed by the parties not to be "CONFIDENTIAL") which have been disseminated to any "COVERED PERSONS," except that the parties and their counsel may retain pleadings, memoranda, declarations, affidavits, non-"CONFIDENTIAL" portions of deposition transcripts, notes, summaries, expert reports, trial and hearing transcripts, or other attorney work product which refers to or describes "CONFIDENTIAL MATERIAL." Deposition transcripts need not be returned if all "CONFIDENTIAL" portions have been destroyed or obliterated.

## VII.

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for the producing party in writing. The party disputing the "CONFIDENTIAL" designation bears the responsibility to seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Agreed Protective Order. Until a final determination by the Court, any disputed document will be treated as "CONFIDENTIAL MATERIAL" pursuant to this Agreed Protective Order. Nothing in the Agreed Protective Order shall be construed to alter or shift the burdens of

proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

## VIII.

This Agreed Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence. Nothing contained in this Agreed Protective Order shall in any manner change, alter or modify any of the rights of the producing party or any other party under any other orders issued by any other courts concerning the protection of "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" information. Nothing in this Agreed Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Agreed Protective Order.

## IX.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Agreed Protective Order.

_____
Judge Presiding

_____
Date

# EXHIBIT "A"

## LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS

I hereby acknowledge and affirm that I have read the terms and conditions of the Agreed Protective Order agreed to by the parties in the above-captioned dated _____. I understand the terms of said Agreed Protective Order and under oath consent to be bound by the terms of said Agreed Protective Order as a condition to being provided access to the Confidential Documents furnished by the parties in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Agreed Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the producing parties in this action and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the producing parties may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED:_____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

9

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ day of _____, 2007.

                                                                                               _____

                                                                                               Notary Public, State of _____

                                                                                               _____

                                                                                               My Commission Expires: