# NOTICE OF CORRECTION

**From: Clerk's Office**

**Case Style:  Pitts v. Bridgestone Americas Holdings, Inc. et al**

**Case Number: 2:06-cv-01008-MEF**

**Referenced Pleading: AMENDED COMPLAINT  - Doc. 28**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L. JOE PITTS, As Administrator of the Estate of SANDRA ANN SPENCER PITTS, Deceased and GP a Minor, by and through his Father and Next F Friend L. JOE PITTS<br><br>PLAINTIFFS,<br><br>VS.<br><br>BRIDGESTONE AMERICAS HOLDINGS, INC.; BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; and BFS RETAIL AND COMMERCIAL OPERATIONS, LLC, Doing Business As FIRESTONE TIRE & SERVICE CENTERS, jointly and severally,<br><br>DEFENDANTS. | CASE NO. 2:06-cv-1008-MEF |

## PLAINTIFFS' AMENDED COMPLAINT

COME NOW the Plaintiffs by and through undersigned counsel of record and pursuant to the Courts July 25, 2007 order (Doc. 27) file this amended complaint adding GP as a party to this action.

1.  Plaintiff L. Joe Pitts, as administrator, brings this action under the Alabama Wrongful Death Act, Ala. Code § 6-5-410, for damages

1

for the wrongful death of his wife, Sandra Ann Spencer Pitts, on June 19, 2006, in Butler, County, Alabama, which said wrongful death was proximately caused and/or contributed to by the defendants' negligence and/or wantonness in connection with repairs to the left rear tire of the vehicle in which the plaintiff's decedent was riding as a passenger at the time of her death.

2. Plaintiff GP is a Minor living with his father and legal guardian Plaintiff L. Joe Pitts in Montgomery County, Alabama. GP brings his individual claims by and through his father and next friend L. Joe Pitts for personal injuries GP suffered on June 19, 2006 which were proximately caused and/or contributed to by the defendants' negligence and/or wantonness in connection with repairs to the left rear tire of the vehicle in which GP was riding as a passenger on the occasion made basis of Plaintiff's claims.

## JURISDICTION

3. This Court has diversity of citizenship subject-matter jurisdiction of this action under 28 U.S.C. § 1332(a) because the plaintiffs are residents of Alabama and each of the defendants is incorporated and principally located in a state other than Alabama, and plaintiffs claim

damages in an amount greater than $75,000, exclusive of interest and costs, thus satisfying the amount in controversy requirement.

## VENUE

4. Venue in this Court is proper in that the occurrences made the basis of this action occurred in Butler County, Alabama, which is in the Northern Division of this judicial district.

## PARTIES

5. Plaintiff L. Joe Pitts is over the age of 19 years and is a resident of Montgomery County, Alabama. Plaintiff is the duly and lawfully appointed administrator of the estate of Sandra Ann Spencer Pitts, deceased.

6. Plaintiff GP is a Minor living with his father and legal guardian Plaintiff L. Joe Pitts in Montgomery County, Alabama. GP brings his individual claims by and through his father and next friend L. Joe Pitts

7. Defendant Bridgestone Americas Holdings, Inc. ("BAHI"), is a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Nashville, Tennessee. BAHI is registered to do business in Alabama. At all times relevant to this action, BAHI was the parent corporation and principal of its agents, defendant Bridgestone Firestone North American Tire, LLC, and/or defendant BFS

Retail and Commercial Operations, LLC, d/b/a Firestone Tire & Service Centers.

8. Defendant Bridgestone Firestone North American Tire, LLC ("BFNAT"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Nashville, Tennessee. BFNAT is registered to do business in Alabama. At all times relevant to this action, BFNAT was a wholly-owned subsidiary of BAHI. BFNAT and/or BAHI were the parent corporations of defendant BFS Retail and Commercial Operations, LLC, d/b/a Firestone Tire & Service Centers. Further, at all times relevant to this action, BFNAT was the agent of BAHI and BFNAT was the principal of its agent, defendant BFS Retail and Commercial Operations, LLC, d/b/a Firestone Tire & Service Centers.

9. Defendant BFS Retail and Commercial Operations, LLC ("BFSRCO"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Bloomingdale, Illinois. BFSRCO is registered to do business in Alabama. At all times relevant to this action, BFSRCO was a wholly-owned subsidiary and agent of BFNAT and/or BAHI, and BFSRCO owned and operated retail automotive tire sales and repair stores, as unincorporated company-owned businesses, under the name "Firestone Tire & Service Centers," including

the hereinafter described Firestone Tire & Service Center store located at 321 Madison Avenue, Montgomery, Montgomery County, Alabama.

### COUNT ONE WRONGFUL DEATH OF SANDRA ANN SPENCER PITTS

10.  Plaintiffs reallege each and every preceding paragraph of this complaint and incorporate same by reference into this Count One as if here set out in full.

11.  On February 26, 2005, plaintiff's decedent Sandra Ann Spencer Pitts took her 2001 Chevrolet Blazer vehicle to the Firestone Tire & Service Centers location at 321 Madison Avenue, Montgomery, Montgomery County, Alabama, which was then owned and operated by BFSRCO as the wholly-owned subsidiary and agent of BFNAT and/or BAHI. At that time and place, said defendants, for a valuable consideration, undertook to service the said vehicle (e.g., oil change, replaced the alternator drive belt, and undertook to repair a puncture in the left rear tire). Said defendants represented to Sandra Ann Spencer Pitts both orally and in writing that they had properly repaired the said left rear tire by using both a patch and a plug.

12.  Defendants negligently and/or wantonly repaired said left rear tire by failing to properly install both a patch and a plug in the said left rear tire, but instead installed only a plug and not a patch. Said defendants

5

knew or should have known that both a patch and a plug were required to properly repair the said tire in order to make it safe for use. Despite said defendants' aforesaid knowledge and the fact that said defendants represented to Sandra Ann Spencer Pitts that both a patch and plug had been used to properly repair the said left rear tire, and despite the fact that said defendants charged Sandra Ann Spencer Pitts for both a patch and plug, defendants negligently and/or wantonly failed to patch said left rear tire, but rather only used a plug to repair said tire, thus rendering the said tire unsafe for its intended purpose.

13.     As a proximate result and consequence of the defendants' said negligence and/or wantonness, on June 19, 2006, Sandra Ann Spencer Pitts was killed when the said left rear tire of the said 2001 Chevrolet Blazer in which she was a passenger detreaded while being driven upon a public highway, to-wit: Interstate I-65, in Butler County, Alabama, causing the driver to lose control of the vehicle and overturn on the said highway, which resulted in the death of Sandra Ann Spencer Pitts. Plaintiff further avers that the defendants' negligent and/or wanton repair of said left rear tire caused it to detread at the said time and place, thereby resulting in Sandra Ann Spencer Pitts's death.

WHEREFORE, plaintiff L. Joe Pitts demands judgment against defendants Bridgestone Americas Holdings, Inc.; Bridgestone Firestone North American Tire, LLC; and BFS Retail and Commercial Operations, LLC, jointly and severally, in an amount of punitive damages sufficient to deter these defendants and others similarly situated from similar wrongful conduct and wrongful deaths under similar circumstances.

## COUNT TWO PERSONAL INJURY OF GP

14. Plaintiffs reallege each and every preceding paragraph of this complaint and incorporate same by reference into this Count Two as if here set out in full.

15. At the time of the crash specified above Plaintiff GP was a passenger in the subject 2001 Blazer.

16. Defendants' aforementioned negligence and/or wantonness combined and concurred to proximately cause the following injuries and damages suffered by GP:

   a. Compression fractures of his 8th, 9th and 10th thoracic vertebrate.

   b. Medical Expenses

   c. Pain and suffering

WHEREFORE, plaintiff GP demands judgment against defendants Bridgestone Americas Holdings, Inc.; Bridgestone Firestone North American Tire, LLC; and BFS Retail and Commercial Operations, LLC, jointly and severally, for compensatory damages in an amount in excess of $75,000.00.

_____
One of the Plaintiff's Attorneys

Lanny S. Vines
Robert P. Bruner
LANNY VINES & ASSOCIATES, LLC
2142 Highland Avenue South
Birmingham, Alabama 35205-4002
Telephone: (205) 933-1277
Facsimile: (205) 933-1272

## JURY DEMAND

Plaintiff demands trial by jury of all issues in this cause.

_____
One of the Plaintiff's Attorneys